UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY S. NORMAN,

                                    Plaintiff,

                                                              9:09-CV-0511
v.                                                            (NAM/GHL)

SERGEANT WEST, et al.,

                                    Defendants.
_____

APPEARANCES:                              OF COUNSEL:

ANTHONY S. NORMAN
Plaintiff *pro se*
429 W. 154th Street #1
New York, NY 10032

HON. ANDREW M. CUOMO                       ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York
   Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Norman A. Mordue,

Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim

pursuant to Federal Rules of Civil Procedure 12(b)(6).  (Dkt. No. 26.)  For the reasons that

follow, I recommend that Defendants' motion be granted.

I.      BACKGROUND

The operative complaint in this action is the Second Amended Complaint.  In that document, Plaintiff alleges that he was "unfairly marked as a black inmate who put his hands on white officers" and, as a result, received forty or fifty false misbehavior reports.  (Dkt. No. 9 at 2.)  When he was found guilty of the violations alleged in the misbehavior reports, he was placed in disciplinary confinement for "close to" five years and denied access to vocational programming.  *Id*.  Accordingly, he alleges, his "rehabilitation ha[s] been undermined" and he has "been rendered unemployable in today's job market."  *Id*.

Plaintiff alleges that in December 1997, while incarcerated at Clinton Correctional Facility, he was called into an office and questioned about a letter he had sent to his family.  During this meeting, "Sgt. West panicked and pulled the pin" on Plaintiff, who was then "beat down" by five or six officers and choked with a nightstick.  (Dkt. No. 9 at 3.)

Plaintiff alleges that in June 2000, he "exchanged words" with two officers at Oneida Correctional Facility.  (Dkt. No. 9 at 3.)  One of the officers threatened to break Plaintiff's neck and grabbed him.  *Id*.  Plaintiff fought back and several officers beat him with sticks and badges.  *Id*.  As a result of this incident, Plaintiff was placed in the Special Housing Unit ("SHU").  *Id*.  In the SHU, Plaintiff was housed with HIV positive inmates "in areas flooded with bacterimia and virimia."  *Id*.  Plaintiff lived under these conditions until 2006.  *Id*.

Plaintiff alleges that in 2006, he sought treatment for an eye infection at the Franklin Correctional Facility clinic.  (Dkt. No. 9 at 3.)  The nurse on duty told a sergeant that Plaintiff had threatened her.  *Id*. at 4.  In response, the sergeant "rides in on a horse and jumps me sitting down."  *Id*.  Afterward, Plaintiff was placed in segregation for nineteen days.  *Id*.  While there he

contracted a disfiguring skin and scalp condition. *Id*.

The Second Amended Complaint names Sgt. West, Counselor Schiff, Charlene Volpe, and Sgt. Barse, the State of New York, and several unnamed officers as defendants. (Dkt. No. 9 at 1.) Upon initial review of the Second Amended Complaint, this Court dismissed all claims against New York State with prejudice. (Dkt. No. 14 at 4-5, 7.) The remaining named Defendants now move to dismiss the Second Amended Complaint. (Dkt. No. 26.) Plaintiff has opposed the motion. (Dkt. No. 32.)

## II.  LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

129 S. Ct. at 1949.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not

dismiss without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is

not required where the plaintiff has already amended the complaint.  *See Advanced Marine Tech.*

*v. Burnham Sec .,Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where

plaintiff had already amended complaint once).  In addition, an opportunity to amend is not

required where "the problem with [the plaintiff's] causes of action is substantive" such that

"[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

## III.   ANALYSIS

### A.     Statute of Limitations

Plaintiff's only claim against Defendant West is that in December 1997, Plaintiff was

called into an office and questioned about a letter he had sent to his family.  During this meeting,

"Sgt. West panicked and pulled the pin" on Plaintiff, who was then "beat down" by five or six

officers and choked with a nightstick.  (Dkt. No. 9 at 3.)  Defendants argue that Plaintiff's claim

4

against Defendant West is barred by the statute of limitations.  (Dkt. No. 26-1 at 2-3.)
Defendants are correct.

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations.
*Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985).  In New York, such claims are governed by the
general three-year limitations period governing personal injury claims.  *Owens v. Okure*, 488
U.S. 235, 251 (1989).  Accrual of the claim, however, is a question of federal law.  *Ormiston v.
Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).  Under federal law, generally, a claim arising under 42
U.S.C. § 1983 "accrues" when the plaintiff "knows or has reason to know of the injury which is
the basis of his action."  *Pearl v. City of Long Island Beach*, 296 F.3d 76, 80 (2d Cir. 2002).
Here, Plaintiff had reason to know of any injury inflicted by Defendant West on the date of the
alleged incident in December 1997.  The statute of limitations on his claim expired, therefore, in
December 2000.  Plaintiff did not file this action until April 30, 2009.  (Dkt. No. 1.)  Thus,
Plaintiff's claim against Defendant West is untimely.

Plaintiff argues that his complaint is saved by the continuing violation doctrine.  (Dkt.
No. 32 at 2-3.)  Under the continuing violation doctrine, a complaint alleging a continuing
pattern of conduct is timely if the named defendant committed one of the acts in that pattern
within the statute of limitations.  *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009);
*Gonzalez v. Wright*, 665 F. Supp. 2d 334, 350 (S.D.N.Y. 2009).  Here, Plaintiff does not allege
that Defendant West committed any acts within the statute of limitations period.  (Dkt. Nos. 9,
32.)  Thus, Plaintiff's complaint is not timely under the continuing violation doctrine.

Plaintiff argues that his complaint is timely because he filed an Article 78 proceeding
challenging "many of the same issues" raised in this action.  (Dkt. No. 32 at 2.)  Plaintiff's

argument is without merit.  The Second Circuit has held that "a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983."  *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).  Therefore, I recommend that the Court grant Defendants' motion and dismiss Plaintiff's claims against Defendant West as untimely.

### B.   Personal Involvement

Defendants argue that any claims against Defendants Schiff, Volpe, and Barse should be dismissed for lack of personal involvement.  (Dkt. No. 26-1 at 4.)  Defendants are correct.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).  In other words, supervisory officials may not be held liable merely because they held a position of authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to

6

continue, a policy or custom under which the violation occurred, (4) had been grossly negligent

in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the

rights of inmates by failing to act on information indicating that the violation was occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[1]

      Here, the Second Amended Complaint does not allege *any* facts about Defendants Schiff,

Volpe, or Barse, much less any facts plausibly suggesting that they violated Plaintiff's

constitutional rights.  (Dkt. No. 9.)  The only place the Second Amended Complaint mentions

these Defendants is in the caption.  *Id*. at 1.  Therefore, the Second Amended Complaint does not

state a cause of action against Defendants Schiff, Volpe, or Barse.  I therefore recommend that

the Court dismiss the complaint against these Defendants.

      I recommend that leave to amend be granted as to the claims against Defendants Volpe

and Barse.  Plaintiff's opposition to the motion to dismiss alleges that Defendant Volpe is the

nurse who allegedly falsely reported that Plaintiff had attacked her and that Defendant Barse is

the sergeant who responded.  (Dkt. No. 32 at 4.)  This event allegedly occurred sometime during

2006 and is thus not necessarily barred by the statute of limitations.  I express no opinion as to

whether Plaintiff's allegations regarding this incident are currently sufficient to state a

constitutional claim.

      I recommend that Plaintiff's claim against Defendant Schiff be dismissed with prejudice.

Plaintiff's opposition asserts that Defendant Schiff "just fluffed me off" when Plaintiff

---

[1]     The Supreme Court's decision in *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937 (2009) arguably casts in doubt the continued viability of some of the categories set forth in *Colon*.  *See Sash v. United States*, 674 F. Supp. 2d 531 (S.D.N.Y. 2009).  Here, the Court will assume *arguendo* that all of the *Colon* categories apply.

complained about being falsely accused in misbehavior reports.  (Dkt. No. 32 at 4.)  A prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official "failed to remedy that violation after learning of it through a report or appeal" or "exhibited deliberate indifference ... by failing to act on information indicating that the violation was occurring."  *Rivera v. Goord*, 119 F. Supp. 2d 327, 344-45 (S.D.N.Y. 2000).  *See also Watson v. McGinnis,* 964 F. Supp. 127, 130 (S.D.N.Y. 1997).  Thus, Plaintiff's allegation about Defendant Schiff is insufficient to state a constitutional claim and granting leave to amend this claim would be futile.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 26) be **GRANTED** with prejudice as to the claims against Defendants West and Schiff and with leave to amend the claims against Defendants Volpe and Barse.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: July 19, 2010
         Syracuse, New York

George H. Lowe
United States Magistrate Judge

8